McCARTEE, Executor, &c., of Philip Jacobs, *v.* THE ORPHAN ASYLUM SOCIETY, 9 Cow. 420.
Opinion of Jones, Ch., 9 Cow. 440.

### Devise of Real Estate to Corporation.

BILL against executors for devise and legacy.

The testator, Philip Jacobs, seised of real estate, devised that if at his death, he should have a child living, the rents and profits should be received by his executors and applied to the support, &c., of the child, the surplus to be invested in stock, to accumulate and be paid over to the child at 21, or marriage. He gave all the residue of his real and personal estate, after payment of legacies and other bequests, to " *The Orphan Asylum Society in the city of New York,*" (a corporation,) the bequest to take effect immediately after debts and legacies were paid, if he should leave no child ; or if he should leave a child, then upon the child's death, intermarriage, or attaining 21. The will then gave to his executors, all his real estate, subject to the trusts aforesaid ; and declared his will to be, that when such child should attain 21, or marry, his real estate should be sold by his executors, and one-half of the proceeds paid to the child, if it should attain 21, or marry. The testator died seised, and a posthumous child was born to him, which died before 21, and unmarried.

The Chancellor, (Jones,) held, that the devise to the corporation of the Orphan Asylum, was a trust in the executors, and that though a devise directly to a corporation may be void by the Statute of Wills, ( 1 R. L. 364,) yet a devise to a natural person was good. That the trust should not fail for want of trustee, if there were not appointed such trustees ; and that the court would, in such case, appoint one. He also held, that the act of incorporation authorized the Orphan Asylum to take real estate by devise under the power to take lands by purchase.

On appeal from that part of his decree,

The Court of Errors, however, held, that the devise to the corporation was direct on the death of the child, and not a trust for the corporation. The will was therefore held void as to the real estate, within the Statute of Wills.

It was also held, that the charter of the company authorizing them to take lands by purchase, did not authorize them to take by devise. But that the word *purchase* should be taken in its restricted, popular sense, and not in its broadest legal signification.

Judgment <em>reversed</em> accordingly.